```
          UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF NEW HAMPSHIRE
```

Melissa Thibodeau

    v.                                  Case No. 17-cv-665-JD

John J. Yazinski, and
William Mark Pipkin

**REPORT AND RECOMMENDATION**

Plaintiff Melissa Thibodeau has filed a complaint (Doc. No. 1) challenging a state court child custody order concerning her son. Because Thibodeau is proceeding in this matter in forma pauperis, the complaint is before the court for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

**Preliminary Review Standard**

In determining whether a pro se pleading states a claim, the court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

**Background**

Thibodeau and William Mark Pipkin shared equal custody of their son, R.P., until November 2017, pursuant to a custody order issued in In re Pipkin and Tilton/Thibodeau, No. 627-2005-DM-00262, N.H. 5th Cir. Ct., Fam. Div.-Clarement ("Clarement Family Court"). Thibodeau asserts that twice in October 2017, Pipkin threatened not to return R.P. to Thibodeau as required by the then-existing custody order. Both times, Thibodeau sought ex parte relief in the Claremont Family Court. Both times, Claremont Family Court Judge John Yazinski ordered Pipkin to comply with the existing custody order.

Thibodeau alleges that shortly thereafter, Pipkin "stole" R.P. and refused to return him to Thibodeau's custody. Pipkin then sought primary custody of R.P. in the Claremont Family Court, and a hearing on that request was scheduled in November 2017. Thibodeau asserts that, in connection with that hearing, Pipkin filed paperwork in the court containing false statements designed to influence the court to grant Pipkin custody. As a result of Pipkin's false statements, Thibodeau claims that Judge Yazinski improperly awarded Pipkin primary custody of R.P. without first proving that Thibodeau was an unfit parent.

Thibodeau now asserts that Judge Yazinski violated her rights in the child custody proceedings by removing R.P. from her custody in the absence of proof that Thibodeau had abused or neglected R.P., refusing to recuse himself from her custody case

despite his demonstrated bias against Thibodeau, and ordering Thibodeau to pay $1000 for the cost of a guardian ad litem for R.P., knowing she lives on social security insurance benefits. Thibodeau also asserts claims alleging that Pipkin caused her to wrongly be deprived of custody of R.P., and improperly obtained primary custody of R.P., by making false statements during the Claremont Family Court proceedings.  Thibodeau seeks damages from Judge Yazinski, and an order from this court: prohibiting Judge Yazinski from presiding over any case in any court in the future, vacating Judge Yazinski's orders and granting Thibodeau full custody of R.P., transferring the child custody matter to this court, and fining Pipkin for lying in the child custody proceedings.

**Discussion**

I.   Claims Against Judge Yazinski

Judges have "absolute immunity from civil liability for any normal and routine judicial act." Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (citing Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)).  "[Judicial] immunity applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive.  Only judicial actions taken in the clear absence of all jurisdiction will deprive a judge of absolute immunity." Cok, 876 F.2d at 2 (citations omitted).

Child custody determinations are "normal and routine" judicial acts.  Further, even accepting as true, for purposes of preliminary review, Thibodeau's assertions that Judge Yazinski erred in relying on Pipkin's false statements, and exhibited bias against Thibodeau, she has not alleged alleged any facts indicating that Judge Yazinski acted "in the clear absence of all jurisdiction."  Cok, 876 F.2d at 2.  Accordingly, Judge Yazinski is entitled to judicial immunity from plaintiff's claims for damages, and the district judge should dismiss those claims against Judge Yazinski on that basis.

To the extent plaintiff asserts claims for injunctive relief under 42 U.S.C. § 1983 against Judge Yazinski, that statute bars claims asserted against judges for actions taken in their judicial capacity, like those asserted here, "unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.  There is no suggestion in the pleadings that a declaratory decree has been violated, or that declaratory relief has been unavailable.  See Adames v. Fagundo, 198 F. App'x 20, 22 (1st Cir. 2006).  Accordingly, the injunctive relief claims asserted under § 1983 against Judge Yazinski should be dismissed.

II.  Claims Against William Mark Pipkin

Thibodeau's claims against Pipkin are cognizable, if at all, under the diversity jurisdiction of this court.  It is

4

possible that the amount in controversy could exceed $75,000.00, although that fact is not pleaded.  See 28 U.S.C. § 1332(a)(1).

"[T]he domestic relations exception divests federal courts of jurisdiction over 'a narrow range of [cases implicating] domestic relations issues' that would otherwise meet the requirements for federal diversity jurisdiction under 28 U.S.C. § 1332(a)."  Irish v. Irish, 842 F.3d 736, 740 (1st Cir. 2016).  "[I]n general, lawsuits affecting domestic relations . . . are not within the exception unless the claim at issue is one to obtain, alter or end a divorce, alimony or child custody decree."  Id. at 741 (emphasis in original).  "The domestic relations exception 'governs claims over [domestic relations decrees] even where they are cloaked in the "trappings" of another type of claim.'"  Id. at 742 (internal citations omitted).

Assuming, without deciding, that Thibodeau could otherwise meet the requirements of a diversity action, her claims against Pipkin attempt to alter the existing Claremont Family Court child custody order, to award her full custody of R.P.  To the extent Thibodeau seeks other relief concerning Pipkin, such relief is either not within this court's jurisdiction to grant in this case, or is not based on a claim upon which relief can be granted.  Cf. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

Thibodeau cannot invoke the diversity jurisdiction of this court as to her claims against Pipkin, as claims seeking an amended child custody decree are excepted from such jurisdiction.  This court therefore lacks jurisdiction over Thibodeau's claims against Pipkin to that extent, and the district judge should dismiss those claims, without prejudice to Thibodeau's ability to assert them in a state court of competent jurisdiction.

## Conclusion

For the foregoing reasons, the district judge should dismiss the complaint in its entirety.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

June 18, 2018

cc: Melissa Thibodeau, pro se

6